IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMER WILLIAM-WHITFIELD,                    :
                                           :
                        Plaintiff,         :          CIVIL ACTION NO. 21-4513
                                           :
          v.                               :
                                           :
COMMONWEALTH PPS SYSTEM and                :
NE 2ND 15TH DISTRICT CORP POLICE           :
OFFICERS SHRIFF,                           :
                                           :
                        Defendants.        :

**MEMORANDUM OPINION**

Smith, J.                                                          January 5, 2022

        The plaintiff is awaiting trial on murder and related charges in state court, and he has now

filed this civil action under 42 U.S.C. § 1983 by using the court's preprinted form for use by

prisoners seeking to assert civil rights violations. Although the plaintiff's allegations lack clarity,

it appears that he is challenging the validity of the criminal charges brought against him while also

claiming that he suffered injuries while restrained in the Philadelphia Prison System. The plaintiff

has also sought leave to proceed *in forma pauperis*.

        Although the court will grant the plaintiff leave to proceed *in forma pauperis* because he

is incapable of paying the fees necessary to commence this civil action, the court has screened the

complaint as required under 28 U.S.C. § 1915(e)(2) and has determined that the plaintiff has failed

to state a cognizable cause of action against any defendant. More specifically, while not entirely

clear, it appears that the plaintiff is attempting to sue a county jail system and a division of the

Philadelphia police department. The plaintiff may not sue either of these defendants under section

1983 because (1) the county jail system is not a proper defendant in a section 1983 action and (2)

the city police department does not have a separate legal existence apart from the city itself.

Accordingly, the court will dismiss the complaint. The court will provide the plaintiff with leave to file an amended complaint because the court cannot determine at this stage that he can never state a plausible claim for relief.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Amer William-Whitfield ("William-Whitfield"), submitted an application for leave to proceed *in forma pauperis* and a complaint that the clerk of court docketed on October 13, 2021. *See* Doc. Nos. 1, 2. Because William-Whitfield failed to file a certified copy of his prisoner account statement with his application for leave to proceed *in forma pauperis*, this court entered an order on October 28, 2021, which, *inter alia*, denied the application for leave to proceed *in forma pauperis* without prejudice to William-Whitfield to file a certified copy of his prisoner account statement within 30 days. *See* Oct. 28, 2021 Order at 1, Doc. No. 4. William-Whitfield timely filed a new application for leave to proceed *in forma pauperis* (the "IFP Application") and a prisoner trust fund account statement on November 15, 2021. *See* Doc. Nos. 5, 6.

Regarding the complaint, William-Whitfield's allegations are unfortunately very difficult to comprehend. For instance, he refers to an "inside case claim" and an "outside case claim." Compl. at ECF p. 5, Doc. No. 2. It appears that these "claims" occurred in July 2020. *See id.* at ECF pp. 4, 5. William-Whitfield describes the "outside case claim" as him being accused of stabbing two people even though he has proof he "was spotted at a clothes cleaner." *Id.* at ECF p. 5. The "inside case claim" appears to relate to an aggravated assault he is alleged to have committed on Philadelphia Prison System correctional officers. *See id.* He apparently suffered injuries in one or both incidents and seeks compensation and dismissal of his criminal charges. *See id.* at ECF p. 5; Doc. No. 2-1 at ECF p. 19.

In an attachment to the complaint, William-Whitfield also refers to events on September 22, 2021, when he was restrained by unnamed persons and papers were flushed down a toilet. *See* Doc. No. 2-1 at ECF pp. 1–2. Also attached to the complaint are contact information for William-Whitfield's prison social worker, copies of William-Whitfield's state court docket sheet, and several prison grievance forms. *See id.* at ECF pp. 3–16. William-Whitfield also alleges in the attachment that he "didn't do what has been said" and appears to allege that false evidence is being used against him. *See id.* at ECF pp. 18–19.

## II.   DISCUSSION

### A.   The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir.

1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that William-Whitfield is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis*.[1]

### B.     Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915

Because the court has granted William-Whitfield leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's

---

[1] As William-Whitfield is a prisoner, he must fully pay the filing fee in installments due to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

> motivations at the time of the filing of the lawsuit to determine whether the action
> is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011)

(explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## C.    Analysis

William-Whitfield is seeking relief in this case under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

6

#### 1.     Identity of Defendants

In this action, William-Whitfield has named as defendants "the Commonwealth PPS System" and "NE 2ND 15TH District Corp" in their official capacity only. Although it is far from clear, the court understands "the Commonwealth PPS System" to refer to the Philadelphia Prison System and "NE 2ND 15TH District Corp" to refer to the Philadelphia Police Department. To the extent that William-Whitfield seeks to assert civil rights claims against the Philadelphia Prison System, those claims are implausible because "the Philadelphia Prison System, [a] department[] of the City of Philadelphia itself, [is] not a proper defendant[]" in an action brought under section 1983. *Russell v. City of Philadelphia*, 428 F. App'x 174, 177 (3d Cir. 2011) (citing 53 P.S. § 16257 and *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, Civ. A. No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia" (citing 53 P.S. § 16257)). Because the Philadelphia Prison System is not considered a "person" for purposes of section 1983, the court dismisses the claim against it with prejudice. *Durham*, 2018 WL 3105589, at *2 (citing *Peele v. Philadelphia Prison Sys.*, Civ. A. No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. Apr. 8, 2015)).

To the extent William-Whitfield's reference to "NE 2ND 15TH District Corp" indicates that he seeks to assert claims against the Philadelphia Police Department, those claims are also not plausible. City agencies are not suable entities under section 1983 because they do not have a separate legal existence apart from the city itself. *See Vurimindi v. City of Philadelphia*, Civ. A. No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 P.S. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia");

*Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing Philadelphia Police Department as matter of law because it is not legal entity separate from City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780–81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and City of Philadelphia Police Department Northeast Detective Division). Accordingly, William-Whitfield's claims against the Philadelphia Police Department are implausible, and the court will dismiss them under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Claims Seeking Release from Custody

Regardless of who is named as a defendant, William-Whitfield's request to be released from custody fails to state a plausible section 1983 claim. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, the court must also dismiss this portion of the complaint.

### III.    CONCLUSION

For the foregoing reasons, the court will dismiss the complaint without prejudice because William-Whitfield's official capacity claims against the only named defendants are implausible and his section 1983 claim that seeks release from custody is improper. Because the court cannot say at this time that William-Whitfield can never state a plausible claim, the court will grant him leave to file an amended complaint to name a proper defendant who has allegedly violated his civil rights. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that

district court ordinarily must grant leave to amend, even without plaintiff requesting leave to amend, "unless amendment would be inequitable or futile").

      The court will enter a separate order.

                                     BY THE COURT:


                                   */s/ Edward G. Smith*
                                   EDWARD G. SMITH, J.